Laura Greenberg on behalf of Michael Fields. Mr. Fields was convicted of failing to register as required under the Sex Offender Registration and Notification Act. He was sentenced to 27 months imprisonment to be followed by a 10-year term of supervised release. On appeal, we challenge a special condition of his supervised release that prohibits Mr. Fields from going any place where a minor or minors are known to frequent without prior approval from his probation officer. We recognize that a district court is permitted to impose special conditions of supervised release so long as those conditions or that condition is reasonably related either to the nature and circumstance of the offense or the personal history and characteristics. What kind of restriction would be reasonable given the nature of the offense? How would it be worded in terms of places that a person can go? It's our position that because Mr. Fields' sex offense conviction is remote, 25 years old at this point, and he has no other crimes involving minors, that a condition that prohibits him from going places where minors are known to frequent is not reasonably related and involves a greater deprivation of liberty than is necessary. Are there any restrictions that would be reasonable that would limit where he can go? We're not getting into the restrictions on use of the Internet or all other kinds of restrictions that we sometimes have. I'm just talking about a restriction on where the defendant can go, and you're saying those would never be reasonable given the facts of this case? I think this broad movement restriction that would prohibit him from going places where he would know that it's likely he will encounter a minor or minors is too broad and involves a greater deprivation of liberty than is necessary under the facts of his case. He is under an additional restriction that we haven't challenged, and perhaps we could have, that prohibits him from having any association with minors without approved supervision. That condition would address any purposeful direct contact that he would have with minors, which also makes this condition that would prohibit his movement to places where he would likely encounter minors to be unnecessarily broad. Again, there was no objection to this condition in the district court, so review in this court. Judge Smith, I think you're asking a cute question, and I think I understand your response, but it sounds very much to me as if there is no case in which that particular restraint, in your view, would be sustainable. Because your device in it, as you see it, you argue, is that he inevitably is going to be in places where there are going to be small children, and any kind of restraint that speaks to that is too broad because they're all going to a mall or a public store or buy groceries. There are going to be small children there, and he would be violating that restriction. That is correct, Your Honor. Circling back to his question again and going back to your answer, it sounds to me like that your contention is that those constraints, period, are prohibited. Under the facts of Mr. Fields. Under the facts of this case. Assume that what you're arguing is that he is not, that no restraints really are required for this fellow because he just hasn't engaged in any conduct, the bad conduct we know of, for this whole long period of time. And that's one argument. But we're talking about how do you draft or how does a district judge address the situation of constraint? On a win list, we have one formulation, and this is a bit different in terms of that place. I'm trying to get a sense of the judgment of the question. What is really the answer to that? Yes, Your Honor. Again, he is under a condition that he have no direct association with minors without approved supervision. As far as going out places in public, I think a condition could be more narrowly tailored that I still don't feel would be reasonably related to the facts of Mr. Fields' case, but one that would be focused on places where children, that are used primarily by children, or where supervision may be deemed inadequate. This condition, under our common sense reading, is broader. The district judge is going to tell you you cannot go to an area where children are not being formally taken care of or something. How does he know that? I think a condition could be written that would be clearer on that point by adding specific places such as playgrounds or video arcades, schools, places where supervision would be deemed inadequate, or places where children would congregate in numbers. This condition doesn't even specify that it has to be multiple minors. It says a place where a minor or minors are known to frequent. Under our common sense reading, this is an extremely broad movement restriction, and it would involve a greater deprivation of liberty than is necessary under the facts of Mr. Fields' case. Again, because he is subject to an additional restriction that we haven't challenged, that perhaps we could have, where he cannot have direct association with minors, people under the age of 18, without approved supervision. Pay attention to the fact that you're here on plain error. Correct. The district judge is imposing this constraint, and no one objects to it. That's correct, Your Honor. So now you've come to New Orleans, and it's just seriously flawed. It's not good. How do we correct this on plain error? How are we to deal with this? This court's precedent— This is a registered sexual offender. That's a given. We're going to find that this meets the high level of the standards for addressing an error you never pointed out to the district judge? That's correct, Your Honor. Under the facts of this case and this court's precedent in United States v. Winless, I think that the error in the imposition of this condition is clear. In Winless, the court addressed a condition of release that prohibited the defendant from having any direct or indirect contact with a minor without approved supervision, and this court held that that restriction involved a greater deprivation of liberty than was necessary under the facts of the defendant's case. In light of the fact that the defendant's sex offense conviction that required him to register was remote, 20 years old at the time of his soreness sentencing, and he had had no other offenses involving minors since that time. So because of the facts of that case, this court held that, in particular, the no indirect contact with minors condition involved an unnecessary restriction. Okay. Except that that meets the clarity of error of standard, what's about the balance of the test of plain error? That this condition affects his substantial rights, is that what the court is asking? I think that it affects his substantial rights for the same reason that it involves a greater deprivation of liberty than is necessary, because it's so broadly. The underlying invalidity itself, and that would mean that all of these are reviewable on plain error. I think both the fact that it involves a greater deprivation of liberty and the nature of the condition that it so broadly affects where he can freely go in our society shows an effect on his substantial rights, and the fact that he faces re-imprisonment if he were to violate this condition that, in many ways, is quite easy to violate. Well, in that connection, counsel, what's your view of how it does impact your client? Where can he go? He can go any place where minors are not known to frequent, which it seems a short list to me given that minors are people under the age of 18. I'm sorry. Maybe you misunderstood my question. My question was where can't he go in light of this restriction? Oh, I'm sorry. Under our common sense interpretation of this condition, he cannot purposefully go any place where it is likely that he will encounter a minor or minors. That would include certainly retail stores, a bookstore, a grocery store, a house of worship, as this court acknowledged in Wendlass. The list is too long to really detail, but any place where it's likely that one might encounter a minor because of the nature of the place itself, he cannot go. But it uses the word where minors frequent. That indicates a certain repetitiveness of minors being present, doesn't it? Let me just give an example. A dry cleaning establishment. Normally it's adults who go into a dry cleaning establishment. You normally don't see kids there, but it's entirely possible at a dry cleaner's that a child has been sent to pick up or drop off some laundry, but that would happen, in my own experience, infrequently. So it wouldn't be included. But would you say that that would be a place where minors frequent just because there might rarely or occasionally be a minor who is inside that retail establishment? No, Your Honor. I would say that that's a place where one would not be surprised to find a minor, but a place where it's likely that one will encounter a minor or places where minors do frequent, where they go on a repeated basis, and that would include a broad array of places in our society. And it doesn't need to be a place, again, that exists primarily for the use of minors, like a kiddie amusement park, but I wouldn't say it would be a place like a dry cleaner where one wouldn't be surprised to find a minor, but there's a wide range of places in between those, including the places that I've listed, a shopping mall, a movie theater, a bookstore, a grocery store, a library, places where minors frequently go. They commonly and repeatedly go there, and for him to purposefully go to a place like that would be a violation of this condition. And I think it would affect his substantial rights, again, because of the breadth of the condition and the fact that it's a condition that would itself be easy to violate. He could find himself in numerous situations where he would run afoul of this condition. But the word frequent does contain a very powerful suggestion about the type to be expected. I would like to think that our children frequent the library, but I'm skeptical about that. Frequent means where the kids hang out. That would be the kind of common-sense thing, wouldn't it? They don't frequent the grocery store. They don't frequent the drugstore or the grocery store or whatever. Again, I would say under a common-sense reading that there are certainly limits to the breadth of this condition, but that it wouldn't be limited to places that exist primarily for the use of minors. It would be a broad array. I mean, minors do frequent libraries. They go repeatedly. They hang out there either individually or in numbers. They do frequent bookstores. They do frequent grocery stores. And we're talking people under the age of 18, not little children necessarily. And the broader point is under the facts of this case. It's a permissible reading, but the difficulty I'm having with your argument is I'm not sure the plainness of that, which is what you're here on, plain error. Correct. And I think the condition in Winless prohibiting no indirect contact with minors, I find that the functional equivalent of the breadth of this condition, that there are places where children are likely to be where minors are likely to be. And I think he would be at peril to read this restriction in a less restrictive way. I don't believe the government, in its response brief, has suggested that we are wrong to interpret it as covering a broader array of places than the limited one suggested. And broader than Winless? You said the functional equivalent of the restriction in Winless. You don't think it's broader, this one in this case? I think in some ways it is broader because it's based on the nature of the place itself. So the defendant could actually go to a place that, by its nature, is one where children are likely to be, and there are no children there, and he would still be in violation. Whereas, at least in Winless, there's a requirement that there's contact with minors for him to be in violation. We asked the court to exercise discretion to correct this error. To leave in place an unduly harsh condition of supervised release instead of facilitating his transition into everyday society would actually hamper it. I see my time is up. I've saved time for rebuttal. Thank you, Ms. Greenberg. Mr. Gay? Good morning. May it please the court. I'd like to begin by focusing a little bit of time on the sentencing transcript. And I think that from the very get-go, the judge is very concerned about Mr. Fields' continual failure to register. He was convicted of sexually assaulting a 12-year-old child. It is 25 years in the past. But his pattern is that he simply refuses to follow the law. And as part of imposing sentence, the district court recognizes this repeated failure and states, quite frankly, that's what concerns him. And so right about the time where he's talking about the conditions, he says, you will follow all other lifestyle restrictions or treatments required imposed by any therapist while you're under supervision and continue those restrictions as they pertain to avoiding risk situations through the course of supervision. Next paragraph. This includes referring to risk situations, not residing or going to places where a minor or minors are known to frequent without prior approval of the probation officer. Getting to Judge Higginbotham's questions regarding the plainness of the error in this case, our brief focused on that argument. And we have found and illuminated in our brief numerous examples of restrictions that are very, very similar to this restriction. I would strongly urge that the error in this case is not plain, that, in fact, this restriction in light of the defendant's history and failure to repeatedly register, and by the way, district courts can infer from failing to register that that is part of a criminal intent that needs deterrence, that there's a reason why sex offenders don't want to register. It's because it prevents them from potentially reoffending. And so that's one of the things that's perfectly reasonable for the district court to infer, and that in this case, this restriction is no broader. And the Paul case, which we cite in our brief, talks about how ridiculously difficult it would be to list with specificity all of the places you can't go and recognizes that a categorical restriction is okay. And so I guess that comes down to whether the idea that where minors are known to frequent, that phrase is there for a reason. And, of course, we all, in common sense, understand what the district court is trying to accomplish here. And, of course, in the end, there is the catch-all provision, which basically allows for modification any time because the probation officer can be consulted. And ultimately, as to the substantial rights prong of plain error, this whole thing is inchoate in the sense that nothing has happened, and at this point he would still have review even if he were to have violated and somehow he would still have the recourse of this court on review. If, for some reason, this provision he violated was revoked, he would still have an avenue for redress. And this could be tested against an actual factual scenario where we know what happened and whether, perhaps, as it was applied, it was overbroad. But as it was written, we would suggest that this was a perfectly reasonable restriction in light of this court's case law. If it's confirmed outright, you could always, at any time, go back to the district court and move for modification of the restraint. The court has continuing jurisdiction so long as that... Absolutely. It can change at any time, and as circumstances change, modifications can be obtained. And so this is not a situation where... And let's be clear, I think that absolute restrictions that don't... For example, this court has endorsed the idea that having the probation officer serve as a mechanism to get prior approval in some circumstances is a positive and, I think, a proper thing. And we believe that Judge Higginbotham and Judge Graves, I believe y'all were both on the windlass opinion, and, in fact, we cite that case as one of the examples of why the error is not plain as to this specific condition, because here the limitation on places where minors reside or are known to frequent is very similar. Of course, there were two issues, two provisions, and so we cite it to the one that's being challenged here. This is not a situation where he's prohibited, and they're not challenging, direct or indirect contact. And we're not arguing that it would be the same. The thing that's striking about this is that what we're talking about is, in essence, a continuing injunction that is still within the grasp of the district court to modify, to tailor on request. And what we have is no objection to that and bring it up on direct appeal. And I would suggest that if you read the sentencing transcript, the reason why there was no objection was because it seemed perfectly reasonable and made sense in the context in which the district court made the restriction. And I think that's a fair reading of the transcript. Can he go to the supermarket? He can go to the supermarket, in my opinion, Your Honor. I think that the idea here is that where minors are known to frequent. And as I said, that in the event that there was some... Can he go to worship services? I believe he could go to... And that's where, if he has questions about whether he can go to a particular place, he can get that worked out. And so, you know, if you look at the entire scheme here... That's why the district judge pointed that out. That is a valid point, that, you know, if he continues this pattern of criminality and not registering. It's... The difficulty I have with this whole case is you can't have your cake and eat it too, so to speak. You can't not register and then seek modification of the restraints to impose. If you're registered, you can then have access to the court to deal with the problem. All of these conditions present, as the law always does, you know, there's a degree of precision and very... Minds could differ. But at the end of the day, I think if you look at this and a fair reading of what the sentencing judge was trying to accomplish and the way this was done and the reason that it is plain error was that this is not a situation where the error was plain. I don't believe it affected his substantial rights. And under the fourth prong, I don't think this court should exercise its discretion to fix it. If there are no further questions, I'll yield back the balance of my time. Thank you, Mr. Gay. Ms. Greenberg, you have time for rebuttal. Thank you. I'd like to start by addressing the aspect of the continuing failures to register. And I cite for the court the opinion in United States v. Morales-Cruz, which is cited in the party's briefs. I believe it's 712 F. 3rd 71. And it's actually from the dissenting opinion where the dissenting judge states  even evidence of failing to register, while it might suggest a general need to deter crime of a general nature, it does not suggest that the defendant presents a continuing risk of committing sexual offenses in the future when the defendant is not. That may be well taken, but that really doesn't respond, does it, to the fact that he wants relief from a constraint that's imposed upon him by a district court who has continuing jurisdiction to modify that. But he can't go back. If he's not registered, he can't go into court and ask to modify it. He's going to be confessing to his crime, one crime. But if he is registered, then he can go back and state that. So that's my difficulty I'm having. How do you respond to that? I want to make sure I understand the question clearly. The fact that he has not... Let me be clear. You argue, with some force, that the fact that he doesn't register itself should not sustain the inference that he is engaged in impermissible sexual conduct. I accept that for now. I'm raising... And that is that the failure to register does bear directly on the fact that he did not seek the relief that was available to him, which was if he were, in fact, being restrained too broadly, which was to go back to the district court, to the probation officer, et cetera, and to get guidance as to what he could do. Because if he's not going to register, then he's not going to get access to that court. And it's illegal for him not to register. That's correct, Your Honour. And he is, of course, under a condition that he comply with the registration requirement. He will be under that condition when he's on supervised release, as well as he's under a condition that he not violate the law in any other respect. And he will be under supervision. In fact, he's under several serious restrictions, including that he has to abstain from all alcohol use, submit to substance abuse treatment. He will be closely supervised. And as far as the evidence of continuing failures to register, again, this court in Wendlass did not... It did not preclude the court from finding that the condition was overbroad. It wasn't evidence that that defendant, with such a remote sex offense conviction, posed the kind of risk that this type of condition would be considered warranted. If the court has no other questions, I will see the rest of my time. Thank you. Thank you, Ms. Greenberg. Your case is under submission. The court will take a brief recess before hearing the final two cases.